IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-102-D

LINWOOD J. ROBINSON, JR., )
)
Plaintiff, )
)
v. ) ORDER
)
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
)
Defendant. )

On January 2, 2019, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") and recommended that this court deny plaintiff's motion for judgment on the pleadings [D.E. 33], grant defendant's motion for judgment on the pleadings [D.E. 35], and affirm defendant's final decision. See [D.E. 38]. On January 8, 2019, plaintiff objected to the M&R [D.E. 39]. On January 17, 2019, defendant responded [D.E. 40].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear

error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision concerning disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court examines whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff's objections restate the arguments made to Judge Numbers concerning whether the ALJ properly considered record evidence by treatment providers corroborating the opinions of plaintiff's pain management specialist. Compare [D.E. 34] 4–12, 15–18, with [D.E. 39] 1–2. However, both Judge Numbers and the ALJ applied the proper legal standards. See M&R [D.E. 38] 9–14. Moreover, substantial evidence supports the ALJ's analysis. See id.

In sum, plaintiff's objections to the M&R [D.E. 39] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 33] is DENIED, defendant's motion for judgment on the pleadings [D.E. 35] is GRANTED, defendant's final decision is AFFIRMED, and this action is

2

DISMISSED. The clerk shall close the case.

SO ORDERED. This 25 day of January 2019.

                                               JAMES C. DEVER III
                                               United States District Judge